JUDGE ABRAMS   14 CV 3579

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MANUARY ORTIZ FELIZ,

           Plaintiff,

-against-

THE CITY OF NEW YORK, SERGEANT
LOUIS BARBARELLI, SHILED #475 &
JOHN DOE POLICE OFFICERS,

           Defendants.
------------------------------------------------------------X

COMPLAINT

Civ. No.

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

    Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges upon information and belief:

### PRELIMINARY STATEMENT

    1. Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incident of police misconduct and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about January 3, 2013, when police officers employed by THE CITY OF NEW YORK, including SERGEANT LOUIS BARBARELLI, SHIELD #475 (hereinafter "SGT. BARBARELLI") and JOHN DOE POLICE OFFICERS, falsely arrested and thereafter maliciously prosecuted Plaintiff MANUARY ORTIZ FELIZ in Bronx County Criminal Court. All charges against Plaintiff were dismissed on or about October 2, 2013.

### STATEMENT OF FACTS

    2. On or about January 3, 2013, at approximately 11:40 p.m., Plaintiff left his apartment at 2326 Bathgate Avenue, where he lives with his mother and brothers.

    3. Plaintiff walked toward a nearby store to purchase milk for his baby brother, wearing only a tank top, shorts, and flip flops for the quick trip to the nearby corner grocery store.

4. Inside the store at 531 East 183rd Street, SGT. BARBARELLI and JOHN DOE POLICE OFFICER approached and questioned Plaintiff.

5. When Plaintiff asked Defendants why they were questioning him, Defendant SGT. BARBARELLI replied that Plaintiff "looked suspicious" because of his attire.

6. Plaintiff explained that he just came to the store from his nearby apartment to buy milk for his baby brother.

7. Without probable cause or any basis, Defendants pulled Plaintiff out of the store.

8. At some point during this incident, approximately two more JOHN DOE POLICE OFFICERS arrived at the location.

9. SGT. BARBARELLI asked to search Plaintiff approximately three times. Each time, Plaintiff refused to consent to a search. In fact, Plaintiff explicitly stated, "No, you cannot search me."

10. As Plaintiff began to back away, SGT. BARBARELLI removed his handcuffs.

11. Fearful that the situation would escalate, Plaintiff reluctantly relented and permitted the Defendants to search him.

12. Defendants did not find any contraband or weapons of any kind during the search.

13. JOHN DOE POLICE OFFICER took Plaintiff's identification and radioed dispatch to report that Plaintiff was "searched" and "clean" but then added, "He's a 92 anyways [sic]."

14. Without warning, explanation, probable cause, or justification, Defendants handcuffed and arrested Plaintiff.

15. Plaintiff asked if he could at least grab some warmer shoes and clothing from his nearby apartment before travelling to the police station. Defendants refused.

16. Defendants held Plaintiff for about three hours, then issued a Desk Appearance

Ticket and released Plaintiff at approximately 3:00 a.m.

17. Since Plaintiff was taken into custody without his warmer clothes, wallet and shoes, Plaintiff was forced to walk approximately one mile back to his home, which took about 20 minutes, while wearing nothing but flip flops, shorts, and a tank top in the middle of the night, in frigid winter temperatures.

18. Defendants concocted bogus criminal charges, created a voucher which stated that Defendants removed a dagger from Plaintiff's person during the search, charged Plaintiff with Criminal Possession of a Weapon in the Fourth Degree, and claimed that Plaintiff had been wearing a "dagger on a string tied around his neck."

19. Defendants planted the dagger, which Plaintiff had never seen before in his life. The only item Plaintiff wore around his neck that night was a plastic crucifix.

20. Defendants never advised Plaintiff of his Miranda rights at any time, before or after his arrest. At some point during this incident, Defendants insisted that Plaintiff sign a piece of paper. When Plaintiff inquired about the paper, Defendants responded, "Just sign it. I don't have all night."

21. For almost nine months, Defendants actively pursued the false charges against Plaintiff until all charges were completely dismissed in Plaintiff's favor on October 2, 2013.

22. Due to Defendants' actions, Plaintiff was forced to return to court approximately three times; he missed time working at his job as a security guard; and he almost lost his security guard license.

23. At the time of this incident, Plaintiff had been living in the United States for approximately six years and was in the process of applying for citizenship. Eventually, he hoped to bring his wife and son to the United States as well. Due to Defendants' actions, Plaintiff's

citizenship application was placed on hold for two months. Then, Plaintiff's citizenship application was canceled, which required him to redo his application from the beginning, spending more time and money on the process while his wife and family remained abroad.

## JURISDICTION AND VENUE

24. This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 in that this action arises under 42 U.S.C. § 1983 *et. seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

25. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in this District. Additionally, all Defendants are subject to personal jurisdiction in this District.

26. Prior to the commencement of this action, and within ninety days after the malicious prosecution claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the names and post office addresses of Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

27. Over thirty days have elapsed since the service of such Notice of Claim, and THE CITY OF NEW YORK has failed to settle or adjust this matter.

28. This action was commenced within one year and ninety days after the cause of

action herein accrued.

## THE PARTIES

29. At all relevant times, Plaintiff MANUARY ORTIZ FELIZ was and remains a resident of Bronx County, New York.

30. At all relevant times, Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS acted in their official capacities and were employees, agents, or servants of Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983 *et. seq.*

31. THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

32. Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS are employees acting within the scope of their employment as officers of the New York City Police Department.

### AS AND FOR A FIRST CLAIM FOR FALSE ARREST PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS SGT. BARBARELLI AND JOHN DOE POLICE OFFICERS

33. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

34. As more fully described above, on or about January 3, 2013, Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty

of Plaintiff, falsely arrested Plaintiff and detained him for approximately three hours.

35. At the time Defendants stopped, questioned, and searched Plaintiff, Plaintiff was not engaged in any criminal activity; Plaintiff did not possess any contraband or weapons; and Plaintiff did not make any furtive gestures or behave in any other suspicious manner. As such, Defendants lacked a sufficient predicate to question, search, and arrest Plaintiff.

36. Plaintiff did not consent to questioning or the search of his person. Plaintiff refused to consent to a search several times, until SGT. BARBARELLI brandished handcuffs in a threatening manner, which coerced Plaintiff to consent to a search against his will.

37. Even though Plaintiff wore only a plastic crucifix around his neck, Defendants fabricated a claim that Plaintiff wore a dagger on a string tied around his neck in order to place Plaintiff under arrest.

38. As a result of the foregoing, Plaintiff suffered loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

39. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants, including THE CITY OF NEW YORK, and further seeks punitive damages against SGT. BARBARELLI and JOHN DOE POLICE OFFICERS in an amount to be determined by a jury.

### AS AND FOR A SECOND CLAIM FOR MALICIOUS PROSECUTION PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS SGT. BARBARELLI AND JOHN DOE POLICE OFFICERS

40. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41. On or about January 3, 2013, Defendants SGT. BARBARELLI and JOHN DOE

POLICE OFFICERS, acting intentionally, maliciously and without justification or probable cause, caused a criminal charge to be filed against Plaintiff.

42.     Such charge was ultimately dismissed by the Bronx County Criminal Court on October 2, 2013, which was approximately nine months after Defendants filed the charge.

43.     Defendants were aware that such criminal charge was false and that Plaintiff had not committed any crime but nonetheless decided to, and did, file such criminal charge against Plaintiff with malice and with a deliberate and reckless disregard to Plaintiff's rights.

44.     Defendants had no reason to arrest Plaintiff, as it was evident that Plaintiff was not engaged in any criminal activity prior to or at the time of his arrest. Defendants cornered Plaintiff inside of a store, pulled Plaintiff outside of the store, intimidated Plaintiff into consenting to a search against his will, and then planted a dagger as an excuse to arrest Plaintiff. Such efforts do not constitute a legitimate or legal basis for arrest and were effectuated with a deliberate disregard for Plaintiff's constitutional rights.

45.     As a result of the foregoing, Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.*, and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York, including those rights protected by the Fourth and Fourteenth Amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

46.     As a result of the foregoing, Plaintiff suffered loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

47.     As a result of the foregoing, Plaintiff demands monetary damages against

Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS and further seeks punitive damages against Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS in an amount to be determined by jury.

### AS AND FOR AN THIRD CLAIM FOR MALICIOUS PROSECUTION
### AGAINST ALL DEFENDANTS

48. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49. On or about January 3, 2013, Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against Plaintiff, who was criminally prosecuted therefore until such prosecution was terminated in his favor almost nine months later on October 2, 2013.

50. Defendants filed such charges knowing that such charges were false, because Plaintiff had committed no crime, and such charge was filed with malice and deliberate disregard for Plaintiff's rights.

51. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

52. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants, including THE CITY OF NEW YORK, and further seeks punitive damages against SGT. BARBARELLI and JOHN DOE POLICE OFFICERS in an amount to be determined by a jury.

### AS AND FOR A FOURTH CLAIM FOR SUPERVISORY LIABILITY
### PURSUANT TO 42 U.S.C. §1983
### AGAINST SGT. BARBARELLI AND JOHN DOE POLICE OFFICERS

53. Plaintiff repeats and realleges each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

54. On or about January 3, 2013, Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS acted intentionally and with deliberate indifference to the rights, life and liberty of Plaintiff by stopping, questioning, searching, and arresting Plaintiff without justification or probable cause.

55. Furthermore, SGT. BARBARELLI and JOHN DOE POLICE OFFICERS intentionally and maliciously fabricated bogus charges and conspired to accuse Plaintiff of wearing a dagger around his neck, for no logical or apparent reason other than to arrest Plaintiff.

56. During this incident, the Defendant(s) in a supervisory position not only knew of and acquiesced to other Defendants' misconduct, but also actively participated and engaged in the same corrupt scheme.

57. Defendants, in their individual capacities, did not act reasonably or pursuant to their official roles. At the time of this offense, Defendants brazenly violated Plaintiff's clearly established Constitutional rights.

58. As a result of the aforementioned occurrence, Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and the Constitution and Art. 1, § 12 of the State of New York including those rights provided by the Fourth and Fourteenth amendments, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

59. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life,

substantial emotional, mental and psychological pain, and was otherwise injured.

60.     As a result of the foregoing, Plaintiff demands monetary damages against all Defendants, including THE CITY OF NEW YORK, and further seeks punitive damages against SGT. BARBARELLI and JOHN DOE POLICE OFFICERS in an amount to be determined by a jury.

### AS AND FOR A FIFTH CLAIM FOR NEGLIGENT HIRING AND TRAINING AGAINST DEFENDANT THE CITY OF NEW YORK

61.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

62.     The aforementioned occurrence took place by reason of the negligence of Defendant THE CITY OF NEW YORK, its agents, servants and/or employees, including various police officers regarding the hiring, retention, supervision and disciplining of Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS.

63.     As a result of the foregoing, Plaintiff MANUARY ORTIZ FELIZ sustained personal injuries and other consequential damages.

64.     As a result of the foregoing, Plaintiff demands monetary damages against Defendant THE CITY OF NEW YORK in an amount to be determined by a jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

   a. Compensatory damages;

   b. Punitive damages against Defendants SGT. BARBARELLI and JOHN DOE POLICE OFFICERS;

c. Convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
      May 13, 2014

                                      Giordano Law Offices PLLC

By: _____
      Carmen S. Giordano, Esq.
      *Attorney for Plaintiff*
      226 Lenox Avenue
      New York, NY 10027
      (212) 406-9466